UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 3:24-cr-255-MOC |
| v. | FACTUAL BASIS |
| MICHAEL NAUN ANTUNEZ VASQUEZ a.k.a MAICOL ANTUNEZ-VASQUEZ | |

NOW COMES the United States of America, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the defendant's guilty plea filed in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. The defendant, Michael Naun Antunez Vasquez (Vasquez) did ship, transport, transfer, cause to be transported, or otherwise dispose of a Glock model 19 firearm, a Glock, model 19C firearm, a Glock, model 30 firearm, and a Glock, model 48 firearm, to another person, in or otherwise affecting interstate or foreign commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of one or more of the firearms by the recipient would constitute a felony as defined in Title 18, United States Code, Section 932(a), in violation of Title 18, United States Code, Section 933(a)(1).

2. On July 9, 2024, Vasquez sold a Romarm/Cugir pistol with a thirty-round magazine to a confidential human source (source) working at the direction of the A.T.F. Vasquez informed the CHS that he was able to secure additional firearms, machinegun conversion devices, commonly known as switches, and controlled substances for sale.

3. On July 18, 2024, the source brought an undercover ATF agent (Agent) to meet with Vasquez. The Agent informed Vasquez that the Agent was purchasing guns to re-sell the firearms in another state for profit.

4. Vasquez sold the Agent two firearms during the July 18, 2024 meeting with the Agent. One firearm was Glock model 30, .45 caliber semi-automatic pistol with a 25-round magazine. The other firearm was a Glock, model 19, 9mm semiautomatic pistol. The model 19 was assembled from two different guns as the slide and the lower had different serial numbers. Everything sold to the Agent was stolen including both parts of the gun with two serial numbers.

5. August 1, 2024, the source and AGENT went together to meet Vasquez. Vasquez sold two Glock firearms to the AgentT for $1800. The first firearm was a Glock, model 19, 9mm pistol that had been converted to a machinegun capable of fully automatic fire, without manual reloading, by a single function of the trigger. The second firearm was a Glock, model 48.

6. During the August 1, 2024 meeting, Vasquez informed the Agent that, in addition to firearms, Vasquez could also obtain pounds of methamphetamine that Vasquez could sell to the Agent.

7. Vasquez agreed to sell the Agent a machinegun, a Romarm/Cugir pistol, and a pound of methamphetamine to the Agent. The deal was supposed to occur September 4, 2024.

8. Vasquez was riding in the front passenger seat of a car, when the vehicle was stopped by Union County Sherriff's deputies on the way to deal with the Agent. Deputies seized a machinegun conversion device, a Romarm/Cugir pistol, a Glock pistol, a Baretta pistol, a Palmetto State Armory pistol, several high-capacity magazines, ammunition, and approximately 28.7 grams of suspected methamphetamine from the car.

9. All of Vasquez's interactions with the CHS and with the Agent occurred within the Western District of North Carolina.

10. All of the firearms from all of the events were manufactured outside the state of North Carolina.

RUSS FERGUSON
UNITED STATES ATTORNEY

_Erik Lindahl FoR_
~~TIMOTHY SIELAFF~~
ASSISTANT UNITED STATES ATTORNEY

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis and the Bill of Indictment in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis and the Bill of Indictment. I hereby certify that the defendant does not dispute this Factual Basis.

_____  DATED: 5/20/25
Marcos Roberts, Attorney for Defendant